**SO ORDERED.**

**SIGNED this 21 day of February, 2007.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KIMBERLY LYN NELSON, | ) | Case No. 06-10557 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| VICTOR S. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-5345 |
| | ) | |
| KIMBERLY LYNN NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In this adversary proceeding, plaintiff Victor S. Nelson (Victor) seeks a judgment that his contempt claim arising out of his former wife Kimberly's post-divorce conduct should be

1

excepted from her discharge as being willful or malicious. Kimberly moves for summary judgment.

**I.      Jurisdiction**

This adversary proceeding is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334(b).

**II.     Background**

Victor and Kimberly were divorced in 2004, but the financial matters portion of their divorce case was not heard and decided by the state court until after Victor's bankruptcy case was filed here. This Court granted stay relief to allow that portion of the case to proceed, deferring to the state court to determine the manner in which Victor's and Kimberly's assets would be divided.[1] Victor has received a discharge.[2] In the state court case, Kimberly sought and received relief holding her harmless from certain marital debts she and Victor incurred during their marriage. In response to those claims, Victor sought an order in his bankruptcy case holding Kimberly in contempt of his discharge.[3] This Court issued an order to appear and show cause and, on October 18, 2006, heard evidence on that matter.[4] At the close of the evidence, the Court vacated the order to show cause and excused Kimberly, holding that Victor had failed to demonstrate by clear and convincing evidence that Kimberly had violated the terms of his

---

[1] Dkt. 62 in *In re Victor S. Nelson*, Case No. 04-14652.

[2] Dkt. 154 in *In re Victor S. Nelson*, Case No. 04-14652.

[3] Dkt. 167 in *In re Victor S. Nelson*, Case No. 04-14652.

[4] Dkt.170 in *In re Victor S. Nelson*, Case No. 04-14652.

discharge.[5] Now, pleading essentially the same set of facts, Victor seeks to except his contempt claim from Kimberly's discharge.

Kimberly filed her motion for summary judgment on December 1, 2006.[6] Victor filed no response. More than 23 days having passed, the Court may now consider whether summary judgment should be granted.[7]

**III.    Discussion**

**A.    Summary Judgment Standards**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Rule 56, in articulating the standard of review for summary judgment motions, provides that judgment shall be rendered if all pleadings, depositions, answers to interrogatories, and admissions and affidavits on file show that there are no genuine issues of any material fact and the moving party is entitled to judgment as a matter of law.[8] In determining whether any genuine issues of material fact exist, the Court must construe the record liberally in favor of the party opposing the summary judgment.[9] When the non-moving party does not respond, the Court may accept as true the uncontroverted facts set forth in the motion for summary judgment.[10] The

---

[5] Dkt. 179 in *In re Victor S. Nelson*, Case No. 04-14652.

[6] Dkt. 27.

[7] D. Kan. Rule 6.1(d)(2) provides that "[r]esponses to motions to dismiss or for summary judgment shall be filed and served within 23 days."

[8] Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056, 9014.

[9] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

[10] D. Kan. LBR 7056.1(b).

3

Court considers that, even in the absence of a response, it owes some duty to review the record in the adversary proceeding and to view that which is pleaded in the light most favorable to the non-moving party.

**B.      Victor's Failure to Respond to this Motion**

As a preliminary matter, this Court's local rule authorizes the granting of this motion as uncontested since Victor failed to file a response. D. Kan. Rule 7.4 provides if a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. Because the relief sought bears directly on the scope of Kimberly's discharge, some discussion of the merits is in order.

**C.      Collateral estoppel bars Victor's claims.**

In support of her motion, Kimberly adduces the facts that Victor's Complaint is virtually identical to, and contains the same allegations as his motion for contempt which this Court has previously denied. She further correctly avers that the Court denied the motion and argues that any issues pertaining to her allegedly willful or malicious conduct are precluded by the Court's prior ruling in Victor's case pursuant to the collateral estoppel doctrine.

The Court agrees. In its bench ruling on October 18, 2006, the Court concluded that when it lifted the stay to allow the financial matters portion of the divorce case to proceed in state court, it effectively deferred to that court's dividing the property of the parties and allocating their debts.[11] The Court further concluded that to hold that Kimberly's pursuit of her lawful remedies in state court after stay relief violated the provisions of the discharge would

---

[11] See Exhibit C attached to Dkt. 27.

4

make its deferral to the state court meaningless. In short, the Court concluded that Kimberly did not knowingly and willingly violate the discharge order and thus did not incur any liability to Victor as a result of this conduct. Because there is no "debt" owed to Victor on account of her conduct, Kimberly is entitled to judgment on the Complaint as a matter of law.

## IV. Conclusion

Kimberly's motion for summary judgment should be GRANTED. A Judgment on Decision will issue this day.

# # #